# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2021

Lyle W. Cayce
Clerk

No. 19-10627

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

HENRY DAVID JACKSON,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-334-1

---

Before WIENER, ELROD, and HIGGINSON, *Circuit Judges.*

PER CURIAM:

Henry David Jackson pleaded guilty under 18 U.S.C. § 1952(a)(2)(B) to using a facility in aid of a racketeering enterprise with intent to commit a "crime of violence," as defined by 18 U.S.C. § 16. The predicate offense that purportedly constitutes Jackson's "crime of violence" is sex trafficking of children under 18 U.S.C. § 1591(a)(1) and (b)(2). The district court accepted Jackson's guilty plea and imposed a sentence of 230 months' imprisonment. Jackson appeals. The government concedes that sex trafficking of children is not a "crime of violence" under § 16. Because Jackson's conviction is the result of a plain error that, if left uncorrected, would seriously affect the

No. 19-10627

fairness, integrity, and public reputation of judicial proceedings, Jackson's conviction and forfeiture order is VACATED.

I.

Jackson enticed a 17-year-old girl to leave her home in Lubbock, Texas and come to live with him in Fort Worth, Texas. There, Jackson had sexual intercourse with the girl and prostituted her over the course of two months. During that time, Jackson moved the girl through several Texas cities and across the country, where he required her to perform commercial sex acts. The girl eventually managed to escape.

Jackson was charged with sex trafficking of children; sex trafficking through force, fraud, or coercion; and unlawful possession of a firearm by a convicted felon. However, pursuant to a written plea agreement, the government agreed to dismiss the original charges against Jackson in exchange for his pleading guilty to using a facility of interstate commerce in aid of a racketeering enterprise with intent to commit a crime of violence to further an unlawful activity, in violation of 18 U.S.C. § 1952(a)(2)(B). The predicate unlawful activity is carrying on a business enterprise involving prostitution in violation of Texas Penal Code § 43.02.

The predicate crime of violence is sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2). A defendant commits child sex trafficking when he knowingly "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits" the victim knowing or in reckless disregard of the fact that "means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." § 1591(a).

No. 19-10627

"Crime of violence" in Jackson's facility-use conviction takes its definition from 18 U.S.C. § 16.  That definition includes:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.*

After the district court accepted Jackson's guilty plea and prior to Jackson's sentencing, the Supreme Court ruled in *Sessions v. Dimaya* that § 16(b) was unconstitutionally vague.  138 S. Ct. 1204, 1223 (2018).  That ruling left only § 16(a) to define a "crime of violence" under the charge to which Jackson pleaded guilty, § 1952(a)(2)(B).

After the district court accepted Jackson's guilty plea, Jackson was sentenced to 230 months of imprisonment.  The district court also ordered Jackson to forfeit three cars, a firearm, and about $30,000.  Jackson now appeals.

II.

Because Jackson did not object in the district court, we review for plain error.  *Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1123 (5th Cir. 1997).  Plain-error review has four prongs.  *United States v. Olano*, 507 U.S. 725, 732–35 (1993).  First, a defendant must establish that an error was committed.  *Id.* at 732–33.  Second, the defendant must show that the error is clear or obvious.  *Id.* at 734.  Third, the defendant must show that the error affected his substantial rights.  *Id.*  Fourth, the court must determine whether it should exercise its discretion to correct the forfeited error if the error "seriously

No. 19-10627

affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

III.

The government concedes that the first three prongs of plain-error review are satisfied. Under prong one, we hold that an error occurred because sex trafficking of children does not qualify as a crime of violence under § 16(a). The Fourth Circuit has held that sex trafficking does not qualify as a crime of violence under § 16(a) "because § 1591(a) specifies that sex trafficking by force, fraud, or coercion may be committed nonviolently— i.e., through fraudulent means." *United States v. Fuertes*, 805 F.3d 485, 499 (4th Cir. 2015). Here, the government concedes that sex trafficking of children does not qualify as a crime of violence under § 16(a) because it does not have as an element the use, attempted use, or threatened use of force. Although we are not bound by the government's concession, we agree with it and the Fourth Circuit that, under the categorical approach, as explained in *Johnson v. United States*, 576 U.S. 591, 596 (2015), sex trafficking of children does not qualify as a crime of violence under § 16(a).

Under prong two, the error was clear or obvious because the plain terms of the sex-trafficking-of-children statute establish that it does not qualify as a crime of violence. *See United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013) ("[E]rror is plain if the defendant's proposed interpretation 'is compelled by the language of the statute itself, construction of the statute in light of the common law, or binding judicial construction of the statute.'" (quoting *United States v. Caraballo-Rodriguez*, 480 F.3d 62, 70 (1st Cir. 2007))).

Under prong three, the error affected Jackson's substantial rights because there is a reasonable probability that he would not have pleaded guilty to an offense that subjected him to a prison sentence if he had known

No. 19-10627

that the factual basis failed to show that his conduct violated the statute. Because "the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding," prong three is satisfied. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

The parties disagree over whether the fourth prong is satisfied. The government contends that we should not exercise our discretion to correct the error because Jackson benefitted from it. If the error is corrected and Jackson's conviction is vacated, the government contends that it will be free to prosecute Jackson for all offenses of which it has knowledge and will be able to use Jackson's statements against him. The government also notes that Jackson would face a greater recommended Guidelines sentence and statutory minimum if convicted of the crimes of which he was originally charged.

In this case, we choose to exercise our discretion to correct the district court's error because "to convict someone of a crime on the basis of conduct that does not constitute the crime offends the basic notions of justice and fair play embodied in the Constitution." *United States v. Briggs*, 939 F.2d 222, 228 (5th Cir. 1991). In other words, because Jackson's conviction would impugn the fairness, integrity, or public reputation of the judicial system, we use our discretion to correct the district court's error. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1349 (2016) ("[A] defendant sentenced under an incorrect Guidelines range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range. That probability is all that is needed to establish an effect on substantial rights."); *United States v. Palmer*, 456 F.3d 484, 491–92 (5th Cir. 2006) (holding prong four satisfied and vacating conviction because "a guilty plea based on facts precluding conviction has the . . . effect" of "'color[ing] the fundamental fairness of the entire [plea]

No. 19-10627

proceeding'" (quoting *Kennedy v. Maggio*, 725 F.2d 269, 273 (5th Cir. 1984))); *United States v. Suarez*, 879 F.3d 626, 637 (5th Cir. 2018) (holding prong four satisfied and vacating sentencing order where defendant showed that he received an additional five years of imprisonment "for which there was no conviction"); *United States v. Lewis*, 907 F.3d 891, 895 (5th Cir. 2018) (holding prong four satisfied and vacating sentence where defendant showed that his "sentence was enhanced by an additional twenty-five years by the error"); *see also United States v. Picazo-Lucas*, 821 F. App'x 335, 342 (5th Cir. 2020) (holding prong four satisfied and vacating defendant's conviction where defendant showed "that he was convicted and sentenced for a crime he did not commit as a matter of law" and "[h]is sentence of imprisonment was increased by five years as a result"); *United States v. Martinez*, 531 F. App'x 407, 407–08 (5th Cir. 2013) (holding prong four satisfied and vacating conviction and sentence where defendant showed that his conviction and accompanying 84-month sentence lacked an adequate factual basis).[1]

\* \* \*

Because sex trafficking of children does not qualify as a crime of violence under 18 U.S.C. § 16(a), Jackson's conviction is the result of a plain error. That error, if left uncorrected, would seriously affect the fairness, integrity, and public reputation of judicial proceedings. Therefore, Jackson's conviction and forfeiture order are VACATED.

---

[1] Because we vacate his conviction, Jackson's ineffective assistance of counsel claim is moot. In addition, because his conviction is vacated, we also vacate the district court's forfeiture order. *Libretti v. United States*, 516 U.S. 29, 39 (1995) ("[C]riminal forfeiture [i]s an aspect of punishment imposed following conviction of a substantive criminal offense.").